**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN DJOHAN SAMIADJI; MEIVY VIKE POLUAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-70905 <br><br> Agency Nos. A088-320-632 <br> A088-320-633 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Edwin Djohan Samiadji and Meivy Vike Poluan, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

application for asylum, withholding of removal, and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Samiadji contends that, as an ethnic Chinese Christian, he experienced problems including mistreatment in elementary and high school, witnessing the 1998 riots, being asked to attend a mosque, and being threatened in connection with his brother-in-law's business difficulties. Substantial evidence supports the agency's determination that petitioners failed to establish past persecution because, even considered cumulatively, Samiadji's experiences did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (discrimination, harassment, and physical encounters without any significant physical violence did not compel finding of past persecution); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats constituted harassment). Substantial evidence also supports the agency's determination that petitioners failed to establish a well-founded fear of persecution because, even under disfavored group analysis, they did not demonstrate sufficient individualized risk of persecution. *See Halim v. Holder*, 590 F.3d 971, 979-80 (9th Cir. 2009). Petitioners failed to exhaust their nexus challenge to the IJ's finding. *See Barron*

2                                                              12-70905

*v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We reject petitioners' contention that the BIA erred in its decision. Accordingly, petitioners' asylum claim fails.

Because petitioners failed to meet the lower standard of proof for asylum, their claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they would be tortured by or with the acquiescence of the government if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68. We reject petitioners' contention that the BIA failed to properly evaluate the evidence regarding his CAT claim. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA "does not have to write an exegesis on every contention").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**